Darius M. Nickerson
BURNS, NICKERSON & TAYLOR, PLC
3033 N. Central Avenue, Suite 555
Phoenix, AZ  85012
(602) 264-5555
Bar #010078
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR07-01327-PHX-SRB |
| Plaintiff, | |
| vs. | **DEFENDANT RELEASE MEMORANDUM** |
| Daniel Pompa, Sr., | |
| Defendant | |

Defendant moves this Court pursuant to 18 U.S.C. § 3142 for release on his own recognizance.  This motion is supported by the following points and authorities.

RESPECTFULLY SUBMITTED this 17th day of December 2007.


S/ Darius M. Nickerson
Darius M. Nickerson
BURNS, NICKERSON & TAYLOR, PLC


/ / /

/ /

/

1

## POINTS AND AUTHORITIES

**I.     THE LAW FAVORS RELEASING DEFENDANT ON HIS OWN RECOGNIZANCE.**

18 U.S.C. § 3141 provides the authority to this court to release a defendant pending trial.  The Historical and Statutory Notes to § 3141 state that the purpose of the statute is  ". . . to assure that all persons, regardless of their financial status, shall not needlessly be detained . . . when detention serves neither the ends of justice nor the public interest."  Purpose of the Bail Reform Act of 1966, Historical and Statutory Notes to § 3141.

18 U.S.C. § 3142 indicates that the Defendant should be released on his own recognizance unless  the court determines that release," . . .will not reasonably assure the appearance of the person as required  or will endanger the safety of any other person or the community. . ."  18 U.S.C. § 3142(c).

18 U.S.C. § 3142(f) discuss the factors this court should consider in determining the release of a defendant.  These factors are:

1.     **The nature and the circumstances of the offense charged.**

Although this offense has a male defendant and the alleged victim (Ms. Gonzales) is a woman, the woman in this case acts as if she were an aggressive man.  She dresses, acts, and apparently perceives herself as a man.  She seems to over compensate for the fact that she is a woman by being extremely aggressive.

The circumstances in this case arise out of a long ongoing conflict between Ms. Gonzales and the Pompa family.  Although this case arises from a

2

confrontation occurring on January 4, 2007 on Mr. Pompa's own property, it is not the first time that Ms. Gonzales has come on the Pompa property to assault a member the Pompa family.

The Pompa family had been very concerned for quite sometime about the relationship between Laura Pompa and Ms. Gonzales. Although Ms. Gonzales dresses, acts and in many respects appears to be a male, *(See Attachment 1)*, she is in fact a female.  It also should be noted that the Pompa family concerns has nothing to do with Ms. Gonzales' sexual orientation.  The Pompa family has noted significant changes in Laura Pompa once Laura had contact with Ms. Gonzales. Laura began to be much less productive, extremely disrespectful and engaged in the use of illegal drugs. All of these things worry and concerned the family.  In addition to that, it seemed that Ms. Gonzales had control and power over Laura Pompa in a very negative way.

A few months before January 4, 2007,  Ms. Gonzales came on the Pompa property, entered the house and pepper sprayed Daniel Pompa, Jr. *(See Attachment 2).*

This confrontation occurred because Daniel Pompa, Jr.'s sister, Laura Pompa, was using his cell phone to speak with Ms. Gonzales.   Daniel Jr. wanted to use his phone.  As a result, Ms. Gonzales came over to the Pompa home and pepper-sprayed Daniel, Jr.

After the pepper spray incident the Pompa family filed for a restraining order to prevent Ms. Gonzales from harassing them or coming upon their property

again *(See Attachment 3).* A preliminary restraining order went into force. However the Pompa family did not realize that they would need to go to a formal hearing for the restraining order to have any lasting effect. Consequently, the order of protection was dismissed.

The present case stems from another incident occurring on January 4, 2007 wherein Ms. Gonzales once again came on the Pompa property. As is typical of her, she was extremely verbally abusive. She came on the Pompa property, kicked a bucket, and first pushed Daniel Pompa, Sr. and then tried to strike him in the face with her fist. There are differing accounts regarding what followed. Immediately after this incident, Ms. Gonzales continued to make threats upon Daniel Pompa and his family which was witnessed by others.

2. **The weight of the evidence against the person.** The weight of the evidence is that Ms. Gonzales came onto the Defendant's property and assaulted him. Mutual combat resulted.

3. **The history and characteristics of the person.**

A. This includes "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcoholic abuse, criminal history, and record concerning appearance at court proceedings…." 18 U.S.C.§ 3142(f) (3)

On all of these points Daniel Pompa's character is outstanding. He is known as a non-violent person who does not get out of control *(See attachment 4).*

4

He is an esteemed member of the community.  He has done numerous good deeds.  He has even received awards because of his outstanding character *(Attachment 5)*.  His family ties are extremely strong.  (see Pre-Trial Services Report).  He has been a very stable member of the community.  (see Pre-Trial Services Report).  His employment is strong and impressive both as to length and as to quality.  His length of residence in the community in which he resides is approximately 38 years.  He has lived in the same house for 17 years.

He has no criminal history whatsoever.  Daniel Pompa has never been arrested for any crime in his life.  He is 46 years old.  A look at his record reveals that Daniel Pompa has not so much as even had a traffic ticket.

4. **The nature and seriousness of the danger to any person or the community that would be posed by the person's release.**

There is no danger to any person by Daniel Pompa's release.  Daniel Pompa's history speaks for itself.  The statement of others in the community demonstrate his reputation in the community.  This alleged offense occurred on January 4, 2007, almost one year ago.  During the past year Ms. Gonzales has threatened the Pompa family.  Consequently, the family sought an order of protection in January 2007.  That order of protection had a hearing and the order of protection was granted at the request of the moving party which was the Pompa family.  Both sides were then ordered to stay away from each other.

**CONCLUSION:**

For all of the above reasons, Defendant urges this court to release him on his own recognizance.

RESPECTFULLY SUBMITTED this 17th day of December 2007.


S/ Darius M. Nickerson
Darius M. Nickerson
BURNS, NICKERSON & TAYLOR, PLC


Copies of the foregoing mailed/ECF
hand-delivered this 17th day of
December 2007, to:


Honorable Michelle Burns
United State District Judge
401 West Washington
Phoenix, AZ 85003


Raynette Logan
Assistant United States Attorney
40 N. Central Avenue, Ste. 1200
Phoenix, AZ  85004-4408

6